# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

LISA VERONICA VARNADORE,  
individually and as  
Administratrix of the Estate of  
Decedent JOSHUA MARSHALL FOSKEY  
or as next friend of JENAA  
GRAYCE FOSKEY,

   Plaintiff,

v.

BRANDON MERRITT, individually,

   Defendant.

CV 217-13

## ORDER

Presently before the Court are Defendant's Objections, dkt. no. 18, to the Magistrate Judge's Order, dkt. no. 13. After an independent and *de novo* review of the entire record, the undersigned overrules Defendant's objections.

### BACKGROUND

Plaintiff's original complaint was filed with the Court on November 10, 2015. Varnadore v. Merritt, No. 2:15cv160 (S.D. Ga. Nov. 10, 2015), Dkt. No. 1. Though the discovery period was set to end on July 20, 2016, the parties had agreed to take both Plaintiff and Defendant's depositions on July 22, 2016, just outside of the discovery period. See Dkt. No. 18 at 2. On

July 20, 2016, Plaintiff filed a Motion to Extend Discovery, alleging that she could not attend her deposition due to undisclosed medical reasons. No. 2:15cv160, Dkt. No. 27. The Court granted the motion in part, providing fourteen (14) additional days to complete party depositions but ordering Plaintiff to submit to the Court under seal all medical records from her physician documenting her request. Id., Dkt. No. 29. In the meantime, Defendant filed a motion for summary judgment. Id., Dkt. No. 30. On July 28, rather than respond to the Court's order or Defendant's motion for summary judgment, Plaintiff filed a motion to dismiss. Id., Dkt. No. 33. On August 9, the Court issued an Order permitting the voluntary dismissal but placing conditions on Plaintiff's ability to refile the action, i.e., to pay all Courts costs before refiling and, within ten (10) days of any attempt to refile, to show cause why sanctions should not be imposed for failing to provide medical records documenting an emergency condition requiring cancellation of her July 2016 deposition. Id., Dkt. No. 36.

## DISCUSSION

I.  MAGISTRATE JUDGE'S SHOW-CAUSE RULING

On January 31, 2017, Plaintiff filed a new Complaint. Dkt. No. 1. In compliance with the first condition of the Court's show-cause order, Plaintiff filed a motion directing Defendant to itemize costs. Dkt. No. 2. Because Defendant voluntarily

waived the condition that Plaintiff pay those costs, dkt. no. 7, the Magistrate Judge denied Plaintiff's motion as moot.

Additionally, in compliance with the second condition in the Court's show-cause order, Plaintiff filed with the Court an explanation detailing her unsuccessful attempt to secure medical records from her physician and requesting the Court's intervention. Dkt. No. 5-1. As the Magistrate Judge noted in the parties' March 8, 2017 telephone status conference, Plaintiff's physician appears to have a misunderstanding of the regulations governing the release of medical records to her patients, e.g. Plaintiff. Per her letter, Plaintiff's physician simply would not release Plaintiff's medical records without a Court order directing her to do so. See e.g., Dkt. No. 5-1 at 5 (stating that she would not "release [Plaintiff's] medical record unless legally mandated"). The Magistrate Judge found good cause for Plaintiff's failure to produce medical records supporting her request for an emergency motion for extension of discovery in the previous case. The Court concurs with the Magistrate Judge's ruling.

II. MAGISTRATE JUDGE'S ORDER FOR LIMITED DISCOVERY

After the parties' status conference on March 8, 2017, the Magistrate Judge issued an Order permitting limited discovery in the renewed action, that is, identification and deposition of

AO 72A
(Rev. 8/82)

expert witnesses and depositions of witnesses taken not for discovery but for use at trial.[1] Dkt. No. 13 at 2.

Defendant objects to the Magistrate Judge's Order. He asks that the Court "issue an Order that this case is to begin where the previous case left off, in that discovery be deemed closed, except for permitting the deposition of Ms. Varnadore if defendant chooses, that all discovery from the previous case be applicable to this case, and Plaintiff be given twenty-one (21) days to respond to Defendant's Motion for Summary Judgment." Dkt. No. 18 at 6. As Defendant notes, however, the Court has broad discretion to modify the timing and sequence of discovery "for the convenience of the parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d); Crawford-El v. Britton, 523 U.S. 574, 598 (1998). The Court has done just that. The Magistrate Judge's order narrowly tailors discovery so as to not waste time on written discovery already conducted and allow only expert reports and trial-witness depositions. Indeed, the claims at stake in this litigation trump any concern Defendant has that Plaintiff receive a "windfall" from using Defendant's summary judgment motion as a playbook for relitigating her case in the renewed action. See Dkt. No. 18 at

---

[1] The parties agreed at the status conference that, given the written discovery that was already conducted during the prior lawsuit between the parties, no further written discovery is necessary. In keeping with that agreement, the Magistrate Judge's Order does not permit written discovery.

3-5. The interests of justice demand that the limited discovery ordered by the Magistrate Judge, dkt. nos. 13, 14, be permitted to go forward.

### CONCLUSION

Defendant's objections to the Magistrate Judge's March 8, 2017 Order, dkt. no. 13, are **OVERRULED**.

**SO ORDERED**, this 19th day of April, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

5